Florence G. SHEFNER, Appellant,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Appellee.

No. 79–1515.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 19, 1979.

Decided Nov. 28, 1979.

Joseph Shefner, Minneapolis, Minn., for appellant.

Thorwald H. Anderson, Jr., U. S. Atty. and Mary L. Egan, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

Florence G. Shefner appeals from a decision of the United States District Court for the District of Minnesota, affirming a decision of the Secretary of Health, Education

and Welfare with respect to the amount of benefits that Mrs. Shefner was entitled to receive. In an earlier opinion, this Court held that pursuant to 42 U.S.C. § 410(a)(3)(A), wages earned by one spouse in the employ of the other are exempt from F.I.C.A. taxes and are not a proper basis for determining Social Security benefits. *Florence G. Shefner v. Casper Weinberger, Secretary of Health, Education and Welfare*, No. 74–1789 (8th Cir. March 20, 1975). On this appeal, Mrs. Shefner, who has continued to work for her husband, contends that her earnings in his employ should not be considered as a deduction from the amount of benefits that she would otherwise be entitled to receive. She argues that it is illogical to exclude these wages for purpose of determining original entitlement to benefits and include them in the definition of income which reduces her benefits from other prior employment.

Whatever the logic of her position may be, Congress has persuasively provided in 42 U.S.C. § 403(f)(5)(C) that wages paid for services which do not constitute employment under § 410 must be included in a determination of excess earnings which would reduce or eliminate payable benefits. Consistent with the statute, 20 C.F.R. § 404.429(c)(6)(1978) provides that the computation of wages for purposes of deductions from benefits includes "Remuneration for services excepted from employment performed within the United States by an individual as an employee that are for that reason not considered wages under Subpart K  *  *  *, if the remuneration for such services is not includable in computing his net earnings from self-employment or net loss from self-employment[.]" Under the statute and the regulations, we have no alternative but to hold that the wages earned by Mrs. Shefner in the employ of her spouse are earnings which may reduce her benefits.

The judgment of the District Court is affirmed.